**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. CR-1-02-100(2) |
| MICHELLE MANGOTTI, | : | Judge Rice |
| Defendant. | : | |

**SENTENCING MEMORANDUM OF DEFENDANT MICHELLE MANGOTTI**

Now comes Defendant MICHELLE MANGOTTI, by and through counsel, and hereby submits this sentencing memorandum for the Court's consideration in sentencing. During the pendency of this case, the United States Supreme Court has held that the United States Sentencing Guidelines are not a mandatory constraint on the District Court's sentencing discretion. United States v. Booker, Nos. 04-104, 04-105, 2005 WL 50108 (U.S. Jan. 12, 2005). In Booker, the Supreme Court found the sentencing guidelines scheme unconstitutional insofar as it required courts to consider conduct at sentencing that was not proven by the government beyond a reasonable doubt to the jury. As such, the Court concluded that the sentencing guidelines were simply one of several factors that courts should consider pursuant to 18 U.S.C. § 3553(a) in determining an appropriate sentence. Id.

Ms. Mangotti requests that this Court impose a statutory sentence that is below the advisory sentencing guideline range. Federal Probation has calculated the applicable guideline range to be 21-27 months, and has recommended a sentence at the bottom end of that range.[1] Ms. Mangotti submits that, pursuant to Booker and the factors in 18 U.S.C. § 3553, a lower sentence is appropriate.

---

[1] The 21-27 month guideline range includes a one-level downward departure in Ms. Mangotti's criminal history score because the probation officer concluded that criminal history category III overstated the seriousness of Ms. Mangotti's criminal history. The government has not objected to this downward adjustment.

18 U.S.C. § 3553(a) establishes seven factors that shall be considered in imposing any sentence. Several of the factors support a sentence below the advisory sentencing guideline range in this case. In particular, Ms. Mangotti's history and characteristics, the nature and circumstances of the offense, Ms. Mangotti's low likelihood of recidivism, and her current family circumstances all indicate that a lower sentence is appropriate.

Ms. Mangotti grew up in a very tough environment. Her father was drug and alcohol addicted and severely abused her mother. (PSR, ¶ 70). At one time, her father was so abusive that he broke every bone in her mother's face. (Id.). On another occasion, her father overdosed on heroin in Ms. Mangotti's bathroom, and she was forced to turn him into the police because she felt that he would kill himself if not in jail. (Id.). Ms. Mangotti's father died in 2002 of cirrhosis of the liver and hepatitis. (PSR, ¶ 68).

Ms. Mangotti's true support in her life was her mother. Unfortunately, her mother lost her leg in a car accident many years ago, and for a large portion of her life, Ms. Mangotti has taken care of her mother who has been required to take numerous medications. During the pendency of this case, Ms. Mangotti's mother died as a result of heart failure from a negative prescription drug interaction. (PSR, ¶ 68).

In 1990, Ms. Mangotti married her first husband and this marriage produced two children. Similar to the pattern with her father, Ms. Mangotti's husband was physically and verbally abusive toward her, and the marriage ended in divorce after almost eleven years. (PSR, ¶¶ 71, 80). Her ex-husband has very little to do with his children, and Ms. Mangotti is left to raise them on her own, without even the assistance of her mother. (PSR, ¶ 71). Ryan, Ms. Mangotti's son, was exposed to lead poisoning and suffers from a number of learning difficulties. (Id.). He operates within the

impaired to borderline impaired range intellectually, placing him in special education classes and in need of modifications to complete his school work. (Id.). He also suffers from asthma. (Id.).

Against this backdrop, Ms. Mangotti met her co-defendant John Duncan (a.k.a. Jovanni Mangotti). Mr. Duncan got Ms. Mangotti involved with him in the two criminal episodes that were the subject of this federal prosecution. Ms. Mangotti was highly unlikely to have ever engaged in criminal conduct in her life were it not for the encouragement and direction of Mr. Duncan. He solicited Ms. Mangotti, and apparently other women as well, to do his bidding in running an illegal credit card scam, and a tax fraud scheme. Ms. Mangotti's role in the schemes was largely limited to signing for packages when Mr. Duncan had them delivered in other people's names, and providing the bank accounts for Mr. Duncan to utilize in depositing the fraudulently derived tax refund checks.

A review of Ms. Mangotti's criminal history reveals that her only contacts with law enforcement in her entire life came from two DUI convictions from the year 2000. The two arrests occurred within a two month time period, and were in the middle of a very bad and difficult divorce from her ex-husband. Ms. Mangotti has acknowledged that this few-month time period was extremely stressful, and that she slipped into a brief period of drinking to try to deal with her problems. Other than the two DUIs, Ms. Mangotti had no other prior criminal contacts in her life.

In sum, Ms. Mangotti's history reveals that she is an individual who has not had many positive opportunities in her life. She comes from an abusive home, and has lost the support of both parents. She is a single mother, divorced from an abusive relationship, and raises her two children on her own. One of her children has special needs which require a lot of specialized attention. The probation officer indicated in the PSR at paragraph 97 that Ms. Mangotti's family circumstances may warrant a departure in this case, and the Sixth Circuit has recognized that such a circumstance is an

appropriate consideration in imposing a sentence below the guideline range. United States v. Fletcher, 15 F.3d 553 (6th Cir. 1994). Finally, Ms. Mangotti's criminal history indicates a low likelihood of recidivism, and her involvement in the instant offenses was prompted by the inducement of her co-defendant, Mr. Duncan. Considering the totality of the circumstances in the case, a sentence below the recommended guideline range is appropriate.

Wherefore, Ms. Mangotti respectfully requests that this Court impose a sentence below the advisory sentencing guideline range recommended by the probation department.

Respectfully submitted,

STEVEN R. KELLER,
FEDERAL PUBLIC DEFENDER


*s/ Richard Smith-Monahan*
Richard Smith-Monahan (0065648)
Assistant Federal Public Defender
2000 URS Center
36 East Seventh Street
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Michelle Mangotti

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Amul Thapar, Assistant United States Attorney, via Electronic Case Filing, on this 14th day of June, 2005.

*s/ Richard Smith-Monahan*
Richard Smith-Monahan