

# OFFICE OF THE GENERAL COUNSEL
Chicago Region V

Via Facsimile

August 2, 2005

Kara Killen, Esq.
Assistant Federal Public Defender
36 E. Seventh Street, Suite 2000
Cincinnati, OH 45202

      Re: United States v. Michelle Magotti,
           No. CR-1-02-100-2
           Subpoena for records maintained by the Social Security Administration (SSA)

Dear Ms. Killen:

I am writing concerning the subpoena you issued to the Social Security Administration's (SSA's) Middletown Ohio District Office seeking the production of SSA records regarding Ryan Blankenship. As we discussed on the telephone, SSA will be unable to provide any records in response to your request.

The Agency's regulations at 20 CFR Parts 401 through 403 govern requests for production of official records and information in legal proceedings to which SSA is not a party. These regulations apply to court orders, subpoenas, and requests for testimony by employees and/or production of records and information for use in proceedings before courts and other forums, such as administrative hearings. Under the regulations, an SSA employee can provide records or other information only to the extent that doing so is consistent with 20 C.F.R. parts 401 and 402.

Federal law and regulations prohibit the disclosure of any specific information maintained in Social Security records pertaining to an individual without his written consent. *See* 5 U.S.C. § 552a; 42 U.S.C. § 1306; 20 C.F.R. part 401. The Social Security Act prohibits the disclosure (except as otherwise provided by federal law) of any file, record, report, or other information concerning an individual when that information is obtained by SSA in the course of its duties. 42 U.S.C. § 1306(a). Any information in SSA records concerning Ryan Blankenship would be obtained in the course of SSA's duties. Thus, the release of the requested information without the consent of the named individual could subject an SSA employee who releases such records to a criminal prosecution that could result in a fine up to $10,000 or imprisonment for not more than five years, or both. *Id.*

Page 2 - Kara Killen

Pursuant to the Social Security Act and the Federal Privacy Act, 5 U.S.C. § 552a, SSA promulgated the regulations at 20 C.F.R. part 401. These regulations govern the release of information maintained in Social Security records and provide that such information may rarely be disclosed without an individual's consent. In limited circumstances, the regulations allow release of such information when properly ordered by a court of competent jurisdiction, such as when the court finds that the evidence is necessary for due process in a criminal proceeding. 20 C.F.R. § 401.180; see also Mason v. South Bend Community School Corp., 990 F. Supp. 1096 (N.D. Ind. 1997). However, subpoenas are not court orders. See Doe v. DiGenova, 779 F.2d 74, 77-85 (D.C. Cir. 1985).

In any event, an SSA employee cannot be held in contempt for refusing to disclose information pursuant to a court order or subpoena if the information is protected by the Privacy Act and the individual to whom the record pertains does not consent to the disclosure, and no other provision of the Privacy Act permits disclosure. See Mason, 990 F. Supp. 1096; In re Mengel, 201 F. Supp. 687 (W.D. Pa. 1962). According to your request, Ryan Blankenship is a minor child, born in 1995. Under Agency policy, he would not likely be found capable of providing informed consent to disclosure of his records. See Program Operations Manual System (POMS) FN 03305.005(B)(2) (http://policy.ssa.gov/poms.nsf/lnx/0203305005!opendocument). Furthermore, under Agency policy, a parent or guardian can have access to the minor's records only if the parent or guardian clearly is acting on the minor's behalf, i.e., in the minor's best interest. 20 C.F.R. § 401.75; POMS GN 03340.025(A)(1) (http://policy.ssa.gov/poms.nsf/lnx/0203340025!opendocument). Access will be denied if it appears that the parent is acting on her own behalf, rather than the child's. POMS GN 03340.025(A)(1)-(2). You indicated that you intended to use the information in conjunction with the mother's sentencing hearing in a criminal case. Thus, it appears that the information is being requested for the benefit of the child's mother, and it is not clear that this access would be in the best interest of the child. In any event, even if the mother were acting on behalf of the child, in order to obtain access to "all medical and mental health records and files," as you have requested, the mother would need to designate a family physician or other health professional (other than a family member) to whom the records, if any, will be sent. 20 C.F.R. § 401.55(b), (c)(2). This representative would review the records and determine whether it is appropriate to disclose the information in them. Id.

You have indicated that you will be attempting to procure a court order for records that complies with the Privacy Act. You also indicated that, if you obtain such an order, you also would seek an order to protect any such information from public disclosure. If you obtain an order that complies with 20 C.F.R. Part 401 or 402, we will make every reasonable effort to provide the information or record, if any. We can certify the authenticity of copies we disclose pursuant to 20 CFR parts 401 or 402, but we would provide this service only in response to your written request. If we certify, we will do so at the time of the disclosure and will not certify copies of records that have left SSA custody. As you have been informed, SSA also generally charges a fee for providing such information or records. The Agency has some limited discretion to waive or reduce fees under some circumstances. If you believe that you may be entitled to waiver or reduction of any fees, please submit your request in writing.

Page 3 - Kara Killen

If you have further questions, please contact the undersigned at (312) 353-8372.

                              Sincerely,

                              Kim Leslie Bright
                              Regional Chief Counsel
                              Region V, Chicago
                              Social Security Administration

By:   _____
        Suzanne Duman
        Assistant Regional Counsel

cc:    Rebecca Townsend, MSS
        Middletown Ohio

TOTAL P.04